IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMADI NWOKOCHA, | * | |
|     Plaintiff | | |
| | * | |
| v. | | Civil No. AMD 07-861 |
| | * | |
| KALICO EXPORTS, INC., et al., | | |
|     Defendants | * | |

\*\*\*

MEMORANDUM OPINION

Plaintiff Amadi Nwokocha filed this action in the Circuit Court for Baltimore City seeking damages related to the loss of and damage to property he shipped from New York to Nigeria. The complaint names as defendants Kalico Exports, Inc., apparently the freight forwarder, CG Ships, Hapag-Lloyd (America), and Hapag-Lloyd AG.[1] The latter three defendants removed the case and have moved to dismiss the complaint, or in the alternative to transfer venue to the United States District Court for the Southern District of New York.[2] A hearing has been held.

Movants rely primarily on the forum selection clause of the bill of lading for their

---

[1]The court learned during the motion hearing that, curiously, defendant Kalico Exports, Inc., which has not appeared in this action, filed an answer to the complaint in *state court* a month after the case was removed, notwithstanding that the removing defendants served Kalico with the Notice of Removal (which was erroneously styled a "Petition"). A copy of this opinion and order shall be transmitted to the attorney identified in that pleading.

[2]The removing defendants contend that all of plaintiff's erstwhile state law claims are completely preempted and removed the case on the ground that plaintiff's claims arise solely under federal law, including 49 U.S.C. § 14706 (establishing common carriers' liability). In view of plaintiff's failure to object to the procedural irregularity in the removal of the case and my decision to transfer venue as requested by defendants, I have not inquired into or directed the parties to brief the issue of preemption.

contention that the Southern District of New York is the appropriate forum, exclusive of this district. *Mem. in Supp. of Mot. to Dismiss for Lack of Venue* (Paper #7). The pertinent part of the contract provides:

> Except as provided in the second sentence hereof, any claim shall be subject to the exclusive jurisdiction of the U.S. District Court of the Southern District of New York, which shall apply U.S. Law.

Defendants therefore argue that the case is in the wrong district, and the court should "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Manifestly, as movants apparently concede, § 1406(a) is an inappropriate source of authority for transfer given the procedural posture of the case. That is, the case having been removed from state court, 28 U.S.C. § 1441 establishes venue in this court regardless of any defects in venue that might have prevented the plaintiff from filing suit in this district initially. Even assuming that the forum selection clause is permissive rather than mandatory, and even if this district is a legitimate venue, § 1404(a), rather than § 1406, would be the appropriate authority on which to transfer venue. *Hollis v. Florida State University*, 259 F.3d 1295 (11th Cir. 2001); *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d. 615 (D. Md. 2002); *Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A.,Inc.*, 118 F. Supp. 2d 997 (D. Cal. 2000).

The court fully considered at the hearing plaintiff's myriad arguments why the case should not be transferred, but for the reasons stated on the record, the court was not persuaded that enforcement of the forum selection clause would prejudice plaintiff or result

in unfairness. Accordingly, the motion to dismiss or to transfer shall be granted in part and denied in part and this case transferred to the Southern District of New York. An order follows.

Filed: September 28, 2007                             __/s/_____
                                                      ANDRE M. DAVIS
                                                      United States District Judge